Case 3:15-cv-00109 Document 34 Filed in TXSD on 08/03/16 Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
August 03, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KENNETH L. SCHROEDER, <br> TDCJ #01813989, <br><br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § | CIVIL ACTION NO. 3:15-CV-109 |

## ORDER

The petitioner, Kenneth L. Schroeder (TDCJ #01813989), has filed a "motion to suspend [his] federal writ of habeas corpus" (Dkt. 33). In the motion, Schroeder seeks permission to add a Fourth Amendment claim related to the drawing of his blood by investigating officers. Because the blood-draw claim is unexhausted, Schroeder also asks the Court to stay these proceedings so that he can pursue that claim in the Texas state courts.

Schroeder states that he gleaned his new claim from "Foster v. Georgia," a recent United States Supreme Court case. Presumably, Schroeder means *Birchfield v. North Dakota*, 136 S.Ct. 2160 (2016), in which the Supreme Court held that the Fourth Amendment, as a general rule, does not allow warrantless blood draws incident to a drunk-driving arrest. *Birchfield*, 136 S.Ct. at 2185.[1] Schroeder argues that his proposed amendment should be

---

[1] *Foster v. Chatman*, 136 S.Ct. 1737 (2016), which originated in Georgia, addressed a *Batson*
(continued...)

allowed and a stay granted because the *Birchfield* holding recognizes a new Constitutional right that has been made retroactively applicable to cases on collateral review.

The Court disagrees and will neither allow the proposed amendment nor stay the case. A court can deny leave to amend if the proposed amendment would be futile on account of its failure to state a claim on which relief could be granted. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872–73 (5th Cir. 2000). At this point, Schroeder's proposed amendment would be futile because this Court has no power to grant relief on the blood-draw claim until Schroeder presents it to the Texas state courts. *McGahey v. Quarterman*, No. H-06-3343, 2007 WL 611202, at *2 (S.D. Tex. Feb. 22, 2007) (J. Atlas).

The futility of the proposed amendment is reinforced by the analysis that would apply to Schroeder's request for a stay if the amendment were allowed. When the standard set out by the Supreme Court for determining retroactivity is applied, it is clear that the *Birchfield* holding was not made retroactively applicable to cases on collateral review. *Tyler v. Cain*, 533 U.S. 656, 663–67 & n.7; *see also id.* at 668–70 (O'Connor, J., concurring). Thus, Schroeder's blood-draw claim is time-barred under 28 U.S.C. § 2244(d)(1)(A) and, moreover, does not relate back to Schroeder's timely filed petition, which did not even include a Fourth Amendment claim (Dkt. 1). *Mayle v. Felix*, 545 U.S. 644, 662 (2005) ("If claims asserted after the one-year [limitations] period could be revived simply because they

---

[1](...continued)
challenge.

relate to the same trial, conviction, or sentence as a timely filed claim, [the federal habeas] limitation period would have slim significance.").

A stay of a federal habeas proceeding to allow the petitioner to exhaust state-court remedies is available only in limited circumstances—with a critical requirement being that the unexhausted claims have potential merit. *Neville v. Dretke*, 423 F.3d 474, 479 (5th Cir. 2005). A stay is not warranted if the unexhausted claims are time-barred. *McGahey v. Quarterman*, No. H-06-3343, 2007 WL 1234927, at *4 (S.D. Tex. Apr. 25, 2007) (J. Atlas). Instead, dismissal of the petition or (as is often the case with a hybrid petition containing both exhausted and unexhausted claims) deletion of the unexhausted claims would be appropriate. *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005). In short, even if the Court allowed the proposed amendment, it would have to either excise the just-added *Birchfield* claim or dismiss the petition entirely.

The proposed amendment would be futile. The Court **DENIES** Schroeder's motion (Dkt. 33).

The Clerk will provide a copy of this order to the parties.

SIGNED at Galveston, Texas, on ___August 2___, 2016.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE